**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Jose A. Potes-Arias, being duly sworn, depose and state:

**Introduction**

1. I am a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), and have been since May 8, 2024. My responsibilities and duties include conducting investigations of alleged manufacturing, distribution, or possession of controlled substances (Title 21, United States Code, Section 841(a)(1)), importation of controlled substances (Title 21, United States Code, Section 952(a)), smuggling of goods into the United States (Title 18, United States Code, Section 545), and related offenses. I am an investigative or law enforcement officer of the United States who is empowered to conduct investigations of or to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. I am currently assigned as a Criminal Investigator with the Office of the Special Agent in Charge, San Juan, Puerto Rico. In this capacity, I investigate violations of federal criminal statutes, including offenses involving illegal firearm possession and trafficking.

3. I successfully completed the Criminal Investigator Training Program (CITP) and Homeland Security Investigations Special Agent Training (HSISAT) at the Federal Law Enforcement Training Center (FLETC), Glynco, Georgia. These comprehensive training programs provided instruction on criminal law, investigative techniques, evidence handling, interviewing, and the identification and investigation of federal

1

firearm offenses, such as but not limited to those prohibited by 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) and 18 U.S.C. § 922(g)(5) (possession of a firearm by an alien unlawfully in the United States).

4. My professional background includes prior employment as a State Law Enforcement Communications Officer with the Florida Highway Patrol, where I was responsible for examining criminal histories and managing critical law enforcement information within state and federal systems. Additionally, I served honorably for five years in the United States Marine Corps as an Infantry Squad Leader, attaining the rank of Sergeant. During my time in the Marine Corps, I gained extensive experience with a wide range of weapon systems, from small arms to crew-served weapons. This hands-on experience provided me with a deep understanding of how various firearms operate, how to effectively manipulate and maintain them, and the tactical application of different weapon systems in high-pressure situations. This knowledge has been invaluable in shaping my ability to assess, operate, and respond to firearm-related situations with precision and expertise.

5. Based on my training, education, and professional experience, I am familiar with the methods used by individuals prohibited from possessing firearms, as well as the illegal trafficking, modification, and possession of firearms. I am qualified and have the necessary expertise to investigate violations of federal firearm laws, specifically those defined under 18 U.S.C. §§ 922(g)(1), 922(g)(5), and to provide credible information in support of affidavits for criminal investigations involving these offenses.

6. The facts and information contained in this affidavit are based upon my training and experience, participation in this investigation, personal knowledge and observations made during the course of this investigation, as well as the observations of other agents

and police officers involved in this investigation. All observations not personally made by me were relayed to me by the individuals who made them or are based on my review of records, documents, and other physical evidence obtained during the investigation.

7. This affidavit contains information necessary to support probable cause. It is not intended to include every fact and matter observed by me or known to the United States. This affidavit contains information necessary to support probable cause for a criminal complaint charging Jose Alberto BERROA TORRES with violations of 18 U.S.C. § 922(g)(1) (Possession of a Firearm and Ammunition by a Convicted Felon), 18 U.S.C. § 922(g)(5) (Possession of a Firearm by an Alien Unlawfully in the United States), and 8 U.S.C. § 1326 (Illegal Reentry of a Removed Alien).

**Facts Supporting Probable Cause**

8. On October 16, 2025, at approximately 6:30 p.m., the PRPB Metropolitan Drug Unit contacted Homeland Security Investigations (HSI) Public Safety Group (PSG) in reference to Jose Alberto BERROA TORRES, a subject who had been arrested at his residence located in the area of San Juan Puerto Rico.

9. On October 16, 2025, Puerto Rico Police Bureau (PRPB) Metropolitan Drug Unit officers executed a search warrant at the target residence located at Urbanización San Agustín, Calle 5, 1210, San Juan, Puerto Rico (Second Floor). The warrant was issued for the search and seizure of illegal drugs and was based on prior surveillance conducted by PRPB officers, which identified a man named "CESAR" as residing at the location and suspected of involvement in illegal drug activity. Officers arrived at the residence at approximately 5:24 PM and began executing the warrant at 5:45 PM.

10. During the search, two individuals were arrested: Jose Alberto BERROA TORRES and his girlfriend. A 17-month-old baby was also present in the residence, but no other individuals were found. While the search warrant was issued specifically for drugs, no illegal drugs were discovered during the search. However, officers did locate firearms, ammunition, and other items of evidentiary value.

11. Photographs were taken by Technical Services personnel to document the scene. In the master bedroom (Room 1), where BERROA TORRES stated he and his girlfriend sleep, officers discovered a Glock 26 pistol (9mm), serial number BEDL948, loaded with one (1) 10-round magazine containing eight (8) rounds and one (1) chambered round. In the same drawer, two (2) additional magazines were found: one (1) fully

loaded 17-round magazine and one (1) 31-round magazine containing twenty-one (21) rounds.

12. Room 2, identified as a guest room, was found to be empty.

13. In another guest room, identified as Room 3, officers located an AM-15 Multi-Caliber rifle, serial number 16123957, inside a drawer under the bed. The rifle was wrapped in plastic and not loaded. Two (2) rifle magazines (caliber 5.56x45) were also found in the drawer, containing a total of twenty-one (21) rounds of .223 ammunition.

14. In the living room, three (3) mobile phones were seized from the sofa: one (1) white iPhone belonging to BERROA's female partner and two (2) phones claimed by BERROA TORRES. Identification documents were collected from the kitchen island inside the residence.

15. Presented below is an image documenting the evidence collected.



16. Prior to the search, BERROA TORRES voluntarily stated to PRPB officers in Spanish, "Ella no tiene nada que ver, si encuentras algo es mío," which was translated to English as, "She has nothing to do with this, if you find anything, it is mine." At the time of his arrest, BERROA TORRES was shirtless and barefoot. While being detained, BERROA TORRES was escorted by the officers to Room 1, where the pistol and magazines were later found, to retrieve a shirt and shoes from the closet. Other personal belongings of BERROA TORRES were also located in the room.

17. BERROA TORRES and his female partner were then transported to the PRPB Metropolitan Drug Unit police station located in Guaynabo for further processing.

18. The following day, HSI PSG Investigators arrived at the PRPB Metropolitan Drug Unit police station located in Guaynabo where BERROA TORRES and his female partner were being held.

19. HSI PSG Investigators formally advised Jose Alberto BERROA TORRES of his Miranda Rights in his native language, Spanish. BERROA TORRES voluntarily waived his rights, agreed to speak with the HSI PSG investigators, and signed ICE Form 73-025. During BERROA TORRES' interview, BERROA TORRES stated the following:

20. BERROA TORRES stated he resides at the address where the search warrant was executed and has lived there for five (5) years. BERROA TORRES stated he is renting the property, with the rental contract expired but still paying rent to the owner. BERROA TORRES stated he works independently installing floors, earning approximately $300 daily. BERROA TORRES stated he purchased the Glock 26 pistol and AM-15 rifle approximately one (1) year ago for $1,500 from an unknown

individual. BERROA TORRES stated he has never fired the weapons and keeps them solely for protection, citing a prior assault as the reason for acquiring them. BERROA TORRES described storing the pistol and pistol magazines and ammunition in a drawer in his bedroom (Room 1) and the rifle along with the rifle magazines and ammunition in a drawer under a bed in the guest room (Room 3).

21. BERROA TORRES acknowledged that he had previously been convicted of a felony drug offense prosecuted by the DEA and served a term of imprisonment exceeding one (1) year. BERROA TORRES disclosed that this conviction occurred in approximately 2009 and led to his deportation in 2012. BERROA TORRES admitted to illegally re-entering the United States via yola (small boat) in 2018 and subsequently being apprehended by authorities in Aguada, Puerto Rico, where he served one (1) year for re-entry. BERROA TORRES stated he returned again via yola in 2020 through Isabela. BERROA TORRES acknowledged that he does not possess a license to legally carry firearms. BERROA TORRES reiterated that his girlfriend was unaware of the presence of the firearms and ammunition in the residence.

22. BERROA TORRES also provided a written statement to PRPB officers, which was written in Spanish and translated into English. The statement read: "I, Jose Alberto, am responsible for what was seized in the house. My wife did not know about that, and she has nothing to do with the seized weapons, bullets, and magazines." BERROA TORRES voluntarily signed his written statement and confirmed that he was not coerced into providing it.

23. HSI PSG investigators also formally advised BERROA's female partner of her Miranda Rights in her native language, Spanish. The female voluntarily waived her rights,

agreed to speak with PRPB officers, and signed ICE Form 73-025. During her interview, the female partner stated the following:

24. She stated that she has been in a relationship with BERROA TORRES since 2022. She confirmed that the house belongs to BERROA TORRES and stated that she was unaware of the firearms stored in the residence. She further acknowledged and is aware that BERROA TORRES does not have legal immigration status in the United States.

25. Records checks revealed that BERROA TORRES was convicted at the Federal level in 2010 on charges related to conspiracy to distribute cocaine hydrochloride. The conviction was prosecuted by the DEA Caribbean Division in Guaynabo, Puerto Rico, under case number G5-08-0073. BERROA TORRES was sentenced to forty-four (44) months of imprisonment followed by forty-eight (48) months of supervised release.

26. Records checks also revealed that BERROA TORRES has no legal immigration status in the United States and is present in the country illegally as a re-entry after being previously deported. The records indicate that BERROA TORRES has been deported on multiple occasions and has unlawfully returned to the United States without authorization. BERROA TORRES also admitted to having been deported and illegally re-entering the United States.

27. Lastly, records checks further revealed that BERROA TORRES does not possess a valid license to carry firearms.

28. Further, this investigation revealed that no firearms or ammunition were manufactured in the Commonwealth of Puerto Rico; therefore, the firearms or ammunition were shipped or transported through interstate or foreign commerce.

## Conclusion

29. Based on the facts contained herein, there is probable cause to believe that BERROA TORRES has violated the following offenses: 18 U.S.C. § 922(g)(1) (Possession of a Firearm and Ammunition by a Convicted Felon), 18 U.S.C. § 922(g)(5) (Possession of a Firearm by an Alien Unlawfully in the United States), and 8 U.S.C. § 1326 (Illegal Reentry of a Removed Alien).

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

JOSE A POTES ARIAS
Digitally signed by JOSE A POTES ARIAS
Date: 2025.10.17 15:45:45 -04'00'

Jose A. Potes-Arias
Special Agent
U.S. Homeland Security Investigations

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 6:22 p.m. on the 17th day of October, 2025.

Hon. Marcos E. López
Magistrate Judge
United States District Court District of Puerto Rico

9